UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

MICHAEL TUITT

Plaintiff,

**COMPLAINT
AND JURY DEMAND**

**ECF CASE**

- against -

THE CITY OF NEW YORK; NEW YORK POLICE
DEPARTMENT; NYPD POLICE OFFICER DARRIN
SMALLS Badge # 006761 and, NYPD OFFICERS JOHN
and JANE DOES 1 through 7

Defendants.

-------------------------------------------------------------------X

Plaintiff Michael Tuitt ("Plaintiff"), by his attorneys, Ebanks & Sattler, LLP, in his

Complaint (the "Complaint") alleges as follows:

## NATURE OF THE ACTION

1.  This is an action at law to redress the deprivation under color of statute,

ordinance, regulation, custom, or usage, of rights, privileges, and immunities secured to Plaintiff

by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and by

42 U.S.C. § 1983 against the City of New York and its agents at the New York City Police

Department that caused Plaintiff loss of freedom, financial loss, as well as emotional and mental

distress.

2.  This is also an action to redress the pain and suffering as well as physical and

psychological injuries sustained by Plaintiff as a result of the intentional, malicious, careless and

negligent acts of the City of New York, and some of its police officers.

## JURISDICTION AND VENUE

3.    This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §1343(a). This Court may exercise supplemental jurisdiction over the claims based on New York law pursuant to 28 U.S.C. §1367. This being an action authorized by law to redress the deprivation under color of statute, ordinance, regulation, custom, or usage, of rights, privileges, and immunities secured to Plaintiff by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

4.    Venue is proper under 28 U.S.C. § 1391 in the Southern District of New York because the claims alleged herein arose there and, on information and belief, all parties hereto reside in the District.

## JURY DEMAND

5.    Mr. Tuitt demands trial by jury in this action.

## PARTIES

6.    During all times relevant and material to this complaint, Plaintiff was a citizen of the United States residing in Bronx County, which is in the Southern District of New York.

7.    Defendant City of New York ("City") is a municipal corporation incorporated under the laws of the State of New York, having its principle place of business in the County and City of New York.

8.    During all times relevant and material to this case, Defendant Police Officer Darrin Smalls, badge # 006761 and tax #937552 (hereinafter Police Officer/or Officer Darrin Smalls), was employed by Defendant City of New York through its Police Department and acting within the scope of his employment and under color of state law, to wit, under color of the

2

statutes, ordinances, regulations, policies, customs, and usages of the State and City of New York.

9.     At all times relevant hereto, Police Officers John/Jane Does 1-7 (collectively referred to herein as the "Doe Defendants"), whose actual names and shield numbers plaintiff has been unable to ascertain notwithstanding reasonable efforts to do so, but who are sued herein by the fictitious designation "John Doe" and "Jane Doe," were officers of NYPD, acting in the capacity of agents, servants, and employees, within the scope of their employment as such, and acting under color of state law. The Doe Defendants are sued in their individual and official capacities.

10.    During all times relevant and material to this case, Defendants Police Officers were acting as employees/agents of Defendant City of New York, and therefore Defendant City of New York is responsible for the actions of Defendant Police Officers under the principal-agent/*respondeat superior* theory.


## FACTS COMMON TO ALL CAUSES OF ACTION

11.    On June 17, 2012 at approximately 3AM, Plaintiff Michael Tuitt, accompanied by several friends, was out celebrating his recent graduation from College. He had just returned home after 4 years as a student athlete -on a full Division I basketball scholarship - at Hampton University.

12.    Plaintiff had never been in trouble with the law and was not an unruly youth. He was a good student and a responsible young man. This was a special night for him in which he and his friends were celebrating his graduation and return to NYC.

13.   Plaintiff and his friends were waiting to gain access to a night club, Club 11, located at 1152 Randall Avenue, County of Bronx, and State of New York. Upon reaching the entry point, a bouncer informed him of the price of entry and also demanded to be paid separately in order to give him access to the Club. Plaintiff was willing to pay the entry price but not the additional amount that the bouncer wanted for himself.

14.   His complaint resulted in a heated exchange with the bouncer and soon thereafter two police officers arrived at the scene, a male officer (upon information and belief it was Police Officer Darrin Smalls) and a female officer. Officer Darrin Smalls approached Plaintiff and said that if he was not going to pay to get off the line. Plaintiff tried to explain the situation with the bouncer and Police Officer Darrin Smalls then tried to push him off the line. When Plaintiff continued to try and explain that he wanted to go in, Officer Darrin Smalls slapped him, at which time Plaintiff's friend, Wilkin Brown, stepped in between Officer Darrin Smalls and Plaintiff.

15.   Plaintiff decided to just leave and not entre the club and started walking away. But at this time a police vehicle with several other police officers arrived and Officer Darrin Smalls decided to pursue Plaintiff. Officer Darrin Smalls caught up to Plaintiff and, while Plaintiff's back was turned to him, Officer Darrin Smalls struck Plaintiff in the back of the head with his baton, opening a head wound which immediately started to bleed profusely. Plaintiff fell to the ground unconscious.

16.   Plaintiff was taken to Lincoln Hospital by EMS where he was found to have a laceration on the posterior scalp and a corneal abrasion to the left eye. He was immobilized in a C-collar to prevent further injury. He required 12 staples placed on the right posterior scalp and a tetanus shot, together with ophthalmological review for the left eye.

17.    Upon being released from the hospital, Plaintiff was arrested and charged with Assault in the 2nd and 3rd degree, Resisting Arrest, Obstructing Governmental Administration in the 2nd Degree and Disorderly Conduct. He spent XXX days in jail and has been subjected to over 2 years of defending himself in the context of a criminal prosecution.

18.    Plaintiff filed a complaint with the Civilian Complaint Review Board, which led to the investigation of the actions of the police officers, in particular Officer Darrin Smalls. In response to the investigation questions Officer Darrin Smalls first said he was defending himself from Plaintiff when he struck him with the baton, and later changed his testimony stating that he "accidentally" struck Plaintiff in the back of the head.

19.    After over two years, Plaintiff's criminal prosecution has yet to result in a conviction. Instead, discussions with the prosecution and a review of the evidence has led to continual adjournments and offers by the prosecution for reduced charges from a felony offense to a violation, and most recently he accepted a ACD.

20.    These years have been extremely stressful for Plaintiff, having to defend criminal charges with the fear, stigma and financial pressures that this entails. As a result of Defendant's actions on plaintiff, Plaintiff has sustained severe physical, emotional, mental and financial damages.

### AS AND FOR A FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983
### FALSE ARREST AND IMPRISONMENT

21.    Plaintiff repeats and re-alleges paragraphs 1 through 20 as if each paragraph is repeated verbatim herein.

22.    On June 17, 2012, the defendants, without just cause, negligently, wrongfully, willfully, maliciously, and unreasonably seized Plaintiff and deprived him of his liberty. The

defendants subjected Plaintiff to unreasonable, unconscionable, unprovoked and unjustified seizure and detention. The defendants subjected Plaintiff to false arrest and imprisonment, in violation of his rights guaranteed by the First, Fifth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C.§1983, and Article 1, sections 6, 11 and 12 of the New York State Constitution, and the common law of New York State.

23.    Upon information and belief, said actions were carried out and condoned by defendant New York City and defendant NYPD and their agents and employees, including Police Officer Darrin Smalls, and various NEW YORK CITY JOHN AND JANE DOE POLICE OFFICERS (both supervisory and junior officers), who were acting within the course or scope of their employment.

24.    Plaintiff was subjected to a violation and deprivation of his civil rights, permanent damage to his reputation and standing in the community, false arrest and imprisonment, and extreme physical, mental and emotional harm and distress at the hands of defendants POLICE OFFICER DARRIN SMALLS, NEW YORK CITY, JOHN AND JANE DOE POLICE OFFICERS whose identities are unknown.

25.    By reason of the foregoing, Plaintiff was deprived of his liberty, Plaintiff has incurred past, and will incur future medical and other expenses, loss of earnings and earnings ability, and was otherwise damaged and injured in an amount to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983
### UNREASONABLE AND EXCESSIVE USE OF FORCE

26.    Plaintiff repeats and re-alleges paragraphs 1 through 25 as if each paragraph is repeated verbatim herein.

27.   On June 17, 2012, the defendants, including Police Officer Darrin Smalls, acting under color of law, without probable cause, just cause, provocation, or any reason to believe that Plaintiff was engaging in criminal activity, assaulted and battered Plaintiff, and committed aggravated assault against Plaintiff.

28.   Plaintiff was subjected to excessive use of force at the hands of Defendant Police Officers and each of them in violation of 42 U.S.C.§1983 and Plaintiff's Fourth and Fourteenth Amendment right to be free from unreasonable, unnecessary and wanton use of force.

**AS AND FOR A THIRD CAUSE OF ACTION**
**42 U.S.C. § 1983**
**SUPERVISORY LIABILITY AND *RESPONDEAT SUPERIOR***

29.   Plaintiff repeats and re-alleges paragraphs 1 through 28 as if each paragraph is repeated verbatim herein.

30.   On June 17, 2012, defendants POLICE OFFICER DARRIN SMALLS, NEW YORK CITY, and JOHN AND JANE DOE POLICE OFFICERS,  at all times relevant herein, were supervisory personnel at the 41st Precinct, with oversight responsibility for the more junior New York City Police Officers. These supervisory police officers were responsible for the training, instruction, supervision, and discipline of the junior officers who assaulted Plaintiff. These supervisory police officers knew or, in the exercise of due diligence should have known, that the conduct of these junior police officers posed a pervasive and unreasonable risk of harm to Plaintiff and the public at large.

31.   These supervisory police officers failed to take preventative an remedial measures to guard against and/or prevent the brutality and violence perpetrated by the New York City John/Jane Doe Police Officers against Plaintiff.

32.   The supervisory police officers engaged in misconduct, in that they failed to supervise and discipline the junior police officers. This constituted negligence, deliberate indifference, or intentional misconduct, which directly caused the deprivations suffered by Plaintiff.

33.   Defendant NYC Police Officers were acting as agents of Defendant City of New York when they violate Plaintiff's constitutional, statutory and common law rights. Therefore,, under the common law principal of agent/*respondeat superior* rule, Defendant City of New York is jointly and severally liable with Defendant Police Officers and each of them for the general and specific damages Plaintiff sustained as well as for the costs and disbursements of the action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment as follows:

1.   Award Plaintiff compensatory damages in the amount of $5,000,000 against the individual defendants and the City of New York, jointly and severally, together with interest and costs;

2.   Award Plaintiff punitive damages in the amount of $2,000,000 against the individual defendants, jointly and severally;

3.   Award Plaintiff reasonable attorneys fees and costs as authorized under 42 U.S.C. §1988; and

4.   Grant such other further and different relief as the Court deems just and proper.

**WHEREFORE,** Plaintiff demands judgment, including interest, jointly and severally against Defendants in an amount deemed by this Court to be just and fair and in any other way that the Court deems appropriate.

Dated: New York, New York
      February 10, 2015

                           EBANKS & SATTLER, LLP

                           MARIO VASQUEZ
                           Attorneys for Plaintiff
                           20 Vesey Street, Suite 503
                           New York, New York 10007
                           (212) 766-4411

### ATTORNEY'S VERIFICATION

MARIO A. VASQUEZ, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am Of Counsel with the law firm of **EBANKS & SATTLER, LLP**, I have read the annexed **SUMMOMNS AND COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files. The reason this verification is made by me and not Plaintiff is that Plaintiff does not reside in the county wherein I maintain my office.

DATED:      New York, New York
            February 9, 2014

                                            MARIO VASQUEZ

Civil Action No.: 15CV01051

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL TUITT,

                    Plaintiff,

            - against -

THE CITY OF NEW YORK; NEW YORK POLICE
DEPARTMENT; NYPD OFFICER DARRIN SMALLS Badge
# 006761 and, JOHN and JANE DOES 1 through 7

                    Defendants.

## SUMMONS AND VERIFIED COMPLAINT

EBANKS & SATTLER, LLP
20 Vesey Street, Suite 503
New York, NY 10007
(212) 766-4411

Dated:_____          Signed:_____

Service of a copy of the within                              is hereby admitted.

Dated:_____          _____
                                         Attorney(s) for